ALLEN JONES v. THE STATE.

No. 1773. Decided May 15, 1912.

**1.—Burglary—Pauper's Oath—Statement of Facts—Official Stenographer.**

A person, who takes appointment as official stenographer under Section 8 of the Stenographer's Act, must make out and prepare a transcript of the testimony in a criminal cause. When a pauper's oath has been filed, and he has been ordered by the district judge to do so.

**2.—Same—Case Stated—Practice on Appeal.**

Where the defendant, after conviction for burglary, filed his pauper's oath and asked for a transcript of the testimony for his appeal, it is the duty of the court stenographer to comply with the order of the court requiring him to make out a statement of facts, and where the transcript and the record did not show whether the stenographer had complied with the order, the appellant was given fifteen days in which to file a motion for rehearing to show why such transcript was not filed, the judgment being affirmed in the meantime.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of burglary, and his punishment assessed at four years confinement in the State penitentiary.

This case was tried on August 7, 1911, and the term of court adjourned on the 30th day of September, 1911. On the 5th day of October, 1911, appellant filed the following pauper's oath:

"Now comes Allen Jones, defendant in the above entitled and numbered cause, and says upon oath that he is unable to pay for a transcript of testimony in the above cause, and is unable to give security

therefor; wherefore, he prays that the court order the stenographer to prepare a transcript of testimony in the said cause the same as if said defendant has paid for same or given security for the payment of thereof."

On that day the court entered an order requiring the court stenographer to make out a statement of facts in question and answer form and file the same with the clerk of the court. On October 31, it being made to appear that the court stenographer had not then complied with the order of the court, the court granted an extension of time in which to file statement of facts, extending the time until November 30. There is no statement of facts in the record, and it is not made to appear whether or not the court stenographer had complied with the order of the court and filed with the clerk a statement of facts in question and answer form. Section 8 of the official stenographers' Act passed by the Thirty-Second Legislature provides: "When any criminal case is appealed and the defendant is not able to pay for a transcript or give security therefor, he may make affidavit of such fact, and upon the making and filing such affidavit, the court shall order the stenographer to make such transcript in duplicate." A stenographer who takes an appointment under the provisions of that Act is bound by all its provisions, and this court will not permit court stenographers to ignore the above quoted provision of the law. Our laws wisely provide that the poverty of no man shall prevent the law from reaching out and spreading its protecting arms around him, giving to him all the rights and privileges that any other citizen may enjoy before the law. This defendant may be guilty, but he has the right under the law to have this court pass on his case on appeal, if he so desires, and he can not be deprived of this privilege by the arbitrary act of a court stenographer or any other person. In the condition we find this record, we can not tell whether or not the court stenographer complied with the order of the court, for if the court stenographer complied with the order of the court and filed a statement of facts in question and answer form, it would then have been the duty of appellant and his counsel to have prepared from this a statement in narrative form and had same approved by the judge trying the case. If, as a matter of fact, the stenographer did not comply with the order of the district judge, if appellant will make proof of that fact before this court, and make an application that the stenographer be required to make out and file this statement, we will make and enter an order that will' accomplish that purpose and if as a fact, the failure to file a statement of facts within the time provided was occasioned by the wilful refusal of the stenographer to comply with the order of the district judge, he can yet secure a statement of facts by making the proper showing and filing the proper application in this court, and have his case passed on on its merits.

In the condition of the record as presented to us at present, there being no statement of facts, and the charge of the court submitting

the offense charged in the indictment, we must affirm the judgment. But appellant will have fifteen days in which to file a motion for rehearing, and if the facts justify him in making application to this court to compel the official stenographer to comply with the order of the district judge, he can do so in connection with his motion.

The judgment is affirmed.

*Affirmed.*